MANN, Judge
(concurring specially).
I agree that the failure to give the promised instruction was error. Our Supreme Court has taken the position that a disclaimer of liability contained in a contract of this sort is ineffectual to preclude recovery in a contract action. Corneli Seed Co. v. Ferguson, Fla.1953, 64 So.2d 162. See also Fla. Stat. §§ 672.2-302, 672.2-316 (1969), F.S.A. A fortiori, it should be of no effect in an action based on negligence. See Frumer and Friedman, Products Liability § 19.07(1).
On the trial of this case defendant’s counsel told the jury: “Fortunately, this case has been put in its proper perspective — we don’t always get this opportunity — because Mr. Aloia, sitting here, has sustained no real loss, so the real party in interest is his carrier. So the natural, perhaps subconscious thing, is to perhaps sympathize with the homeowner. There is no need here for that; we can be completely objective.” While we judges cannot abolish human prejudice, we are not powerless to prevent blatant appeal to prejudice. Equal justice under law is as much the right of an insurance company as it is of any individual.[1]

. Fla.R.Civ.P. 1.210, 30 F.S.A. allows the real party in interest to sue or to be brought into an action. That procedure was not followed here.